*Margin note:*

EASTERN DIST.
*March*, 1836.

STEIN
*vs.*
STEIN'S
CURATOR ET AL.

---

STEIN *vs.* STEIN'S CURATOR ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. TAMMANY.

Parole evidence is admissible to prove filiation and heirship generally; but when it is shown that there exists record or written evidence, or its existence is rendered highly probable, it ought to be produced, especially where several persons, strangers to each other, claim the succession.

The certificate of an American consul, residing in a foreign country, attesting the official character of an officer of that country, before whom the depositions of witnesses are taken, is *insufficient* to make them legal evidence.

EASTERN DIST.
*March,* 1836.

STEIN
*vs.*
STEIN'S
CURATOR ET AL.

It is not the duty of an American consul to attest the signatures of public functionaries, in the countries where they reside; and in order to give their certificates the form of testimony, it will be necessary to show that this is one of their consular functions.

This is an action, in which the plaintiff, John Frederick Stein, residing in Germany, by his attorney in fact, sues the defendants to be recognised as heir, and put in possession of the estate of Nicholas Stein, deceased, in the parish of St. Tammany, whom he alleges was his brother.

William Bowman, the curator, and M. G. Penn, attorney for absent heirs, were made defendants. They filed their joint answer and pleaded the general issue, and denied specially that the plaintiff was heir or brother of the late Nicholas Stein, and requiring strict and legal proof thereof. The curator further declared, that he was ready to account to the true and lawful heirs, whenever they should cause themselves to be recognised.

In the meantime, one Andreas Stein presented himself as heir of Nicholas Stein, deceased, and instituted his action, which was cumulated with this one, and the two tried together.

The cause was submitted to the judge of probates, on the documentary evidence adduced by the parties, some of which was rejected as not sufficiently authenticated, and not the best testimony the nature of the case admitted. The objection to the testimony, and its insufficiency to make out the plaintiff's case, is fully set out in the opinion of this court.

The probate judge decided against the plaintiff, John F. Stein, and rejected his pretensions to the heirship. He appealed to this court.

*Grymes* and *Chinn,* for the plaintiff.

*L. Janin* and *Eustis,* contra.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff in this case sues to be recognised and admitted as heir at law of Nicholas Stone, alias Stein,

deceased, and to compel the curator of his estate to render an account of his administration, and to surrender into his hands the property belonging to the succession. The attorney of absent heirs and curator were made parties, and by their answer deny specially that the plaintiff is heir of Nicholas Stone, the curator avowing his readiness to account to the heirs of the deceased, whenever they shall cause themselves to be recognised by the Court of Probates.

EASTERN DIST.
*March*, 1836.

STEIN
*vs.*
STEIN'S
CURATOR ET AL.

It appears that the deceased was by birth a German, who had no relations in this country, in which he had resided for many years, without any correspondence with his family. On his decease without children, or any known heirs in the country, several persons in Germany came forward to claim his succession, and instituted proceedings against the curator and the attorney of absent heirs, which are yet pending. Among others was the present plaintiff, who alleges that he resides in Hanover, and that he is the brother and sole heir of the deceased. The Court of Probates not being satisfied with the proof of heirship adduced by the plaintiff, gave judgment against him, and he appealed.

On the trial below, the plaintiff offered to read in evidence the deposition of two witnesses taken on commission. Numerous objections were made to the introduction of that evidence, founded partly on certain alleged informalities in the issuing of the commission, and its return, and partly on the nature and inconsistency of the evidence itself, to prove the relationship existing between the plaintiff and the deceased. The court rejected the evidence, and a bill of exception was taken.

It appears to us that the defendants had an opportunity to file cross-interrogations before the commission was issued, and that the questions to be put to the witnesses, on the part of the plaintiff, were communicated to the adverse party, as provided by the Code of Practice, and that the commission issued was correctly executed. But we think the objection to the competency of the evidence to prove the heirship of the plaintiff, was, under the circumstances of this case, properly sustained. Parties are always bound to produce the

STEIN
vs.
STEIN'S
CURATOR ET AL.

Parole evidence is admissible to prove filiation and heirship generally; but when it is shown that there exists record or written evidence, or its existence is rendered highly probable, it ought to be produced, especially when several persons, strangers to each other, claim the succession.

best evidence within their power, and cannot resort to secondary evidence, when it is apparent that they have some of a higher character within their reach. Parole evidence is certainly admissible to prove filiation and heirship generally, but when it is shown that there exists record, or written evidence, or its existence is rendered highly probable, it ought to be produced, particularly in a case situated like the present, in which several persons, strangers to each other, claim the same succession as heirs of the deceased, adversely to each other. Now it appears that the deceased was a native of Hanover, in Germany, and that he died at the age of sixty-four years, and after an absence of twenty-five or thirty years from his native country, without having had any correspondence with his relations. It is shown by the testimony of Mr. Roselius, a member of the bar, and a native of the same country, that registers of baptism are kept with great accuracy in the kingdom of Hanover; that in the registry the time of birth is generally mentioned, and that much importance is attached to such entries. Although this evidence alone, without proof that such registry is required to be kept, and that certified extracts from them are made evidence of filiation by the laws of Hanover, might not be sufficient to exclude parole evidence, yet it further appears, that a file of documents, in the German language, which was annexed to the petition, and finally offered in evidence by the plaintiff in the further progress of the trial, contained a document purporting to be a certificate of baptism of John Frederick Stein. Such a document, if duly authenticated, would appear to us evidence of a higher character than the testimony of witnesses, whose opportunities of knowing the parties appears to be very limited. The plaintiff himself alleges in his petition, that the German document above referred to, contains a power of attorney, and evidence of heirship of John Frederick Stone, which he deems entirely sufficient.

The document in the German language was rejected by the court, on the ground that it was not sufficiently authenticated. The only intelligible certificate annexed, is one by

the American consul at Hamburg, "that F. W. Kern, whose signature is on the annexed documents, is the chancellor of the Hanoverian embassy to Hamburg, and that full faith and credit are due to the same." We are of opinion that the court did not err in rejecting the evidence. It does not appear to be one of the duties of American consuls in foreign countries, to attest the signatures of public functionaries in countries in which they reside. In the case of *Church* vs. *Hubbard*, chief justice Marshall, in delivering the opinion of the court, said, "To give this certificate the form of testimony, it will be necessary to show that this is one of the consular functions, to which, to use its own language, the laws of this country attach full faith and credit." The same doctrine has been repeatedly recognised by this court. 2 *Cranch's Reports*, 187, 237. 4 *Martin's Reports*, 285 *and* 85.

But the court below ought, in our opinion, to have given only a judgment of non-suit, instead of a final one in favor of the defendant. In this respect it must be reformed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court be reversed, and ours is in favor of the defendants, as in the case of a non-suit, with the costs in the Probate Court, the defendants and appellees to pay the costs of the appeal.

<div style="border-right:margin">

EASTERN DIST.
*March,* 1836.

The certificate of an American consul, residing in a foreign country, attesting the official character of an officer of that country, before whom the depositions of witnesses are taken, is *insufficient* to make them legal evidence.

It is not the duty of an American consul to attest the signatures of public functionaries, in the countries where they reside, and in order to give their certificates the form of testimony, it will be necessary to show that this is one of their consular functions.